**Charles Edward STEGALL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13382.**

United States Court of Appeals
Sixth Circuit.

June 4, 1958.

Certiorari Denied Nov. 10, 1958.
See 79 S.Ct. 128.

M. K. Pentecost, Jr., and Edward E. Carter, of Cravey & Pentecost, Atlanta, Ga., Robert L. Myre, Sr., Paducah, Ky., for appellant.

J. Leonard Walker and William B. Jones, U. S. Attys., Louisville, Ky., for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellant, a convicted defendant in a criminal case, moved to vacate judgment, pursuant to Title 28 U.S.C.A. Section 2255. He alleged that certain testimony was taken during the trial of his case while he was absent from the courtroom. This testimony had to do with a confession of a codefendant, Messamore. The confession was admitted in evidence solely for consideration

by the jury of the case against Messamore; and the trial court explicitly instructed the jury that it could, in no wise, be considered against appellant. By his own choice and employment, appellant was represented by two able lawyers, one of whom had represented him for approximately a month before the trial. The claim that appellant was not present when testimony regarding the confession of Messamore was introduced is made for the first time more than eight years after the trial, and while the allegation of appellant's petition in this regard is not denied, appellant's attorneys on the trial of the case did not call the trial court's attention to any claim that appellant had not been present at all times during the trial, or that he was not present at the time the testimony regarding Messamore's confession was introduced. Even if appellant had been absent during the testimony as to Messamore's confession —which is doubtful—appellant's attorneys were present at all times; and assuming appellant's statement to be true, he was not prejudiced in any way, in view of the trial court's admonition that the confession could be considered only as to Messamore and could not be considered in any way against appellant.

 Appellant attacked the sufficiency of the indictment by motion to vacate, pursuant to Title 28 U.S.C.A. Section 2255. The proper method of attacking the sufficiency of an indictment before this court is by direct appeal. "When there is an offense defined by a federal statute, of which the sentencing court has jurisdiction, and the indictment or information apparently attempts to charge an offense under such statute and such court acquires jurisdiction over the person of the defendant, the sufficiency of the indictment is not subject to attack in a habeas corpus proceeding, nor by motion under § 2255, supra. Here, there was an offense defined by 18 U.S.C.A. § 2314. The information attempts to charge an offense under that statute. The sentencing court acquired jurisdiction over the person of the defendant. It does not affirmatively appear on the face of the information that no Federal offense was committed. Accordingly, we hold that the information was not vulnerable to collateral attack by motion under § 2255, supra." Kreuter v. United States, 10 Cir., 201 F.2d 33, 35.

This case does not fall within the exceptions to the rule above stated. See Barnes v. Hunter, 10 Cir., 188 F.2d 86. Title 28 U.S.C.A. Section 2255, cannot be made a substitute for an appeal. Davilman v. United States, 6 Cir., 180 F.2d 284.

Other contentions advanced by appellant have been considered and are found to be without merit.

The judgment of the district court overruling the motion to vacate is affirmed.