**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harry Lee DICKERSON, Defendant-Appellant.**

**No. 15691.**

United States Court of Appeals Sixth Circuit.

Sept. 29, 1964.

---

344

William H. Eder, Jr. (court appointed), Cincinnati, Ohio, for appellant.

Boyce F. Martin, Jr., Louisville, Ky. (William E. Scent, U. S. Atty., John E. Stout, Asst. U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and GRAY, District Judge.

EDWARDS, Circuit Judge.

This appeal is one of a number of appeals now pending in this court wherein defendants convicted of unlawful sale of narcotics attack the convictions in reliance upon Lauer v. United States, 320 F.2d 187 (C.A.7, 1963). These appeals cite Lauer, supra, for the proposition that the indictments involved therein were constitutionally defective because of failure to name the person to whom the narcotics were alleged to have been sold.

The Lauer case has produced disagreement among the United States Courts of Appeal, with the Eighth and the Tenth Circuits deciding not to follow it. Clay v. United States, 326 F.2d 196 (C.A.10, 1963); McDowell v. United States, 330 F.2d 920 (C.A.10, 1964); Jackson v. United States, 325 F.2d 477 (C.A.8, 1963); Taylor v. United States, 224 F. Supp. 82 (W.D.Mo., 1963) aff'd, 332 F.2d 919 (C.A.8, 1964); (cf. Rivera v. United States, 318 F.2d 606 (C.A.9, 1963); United States v. Spada, 331 F.2d 995 (C.A.2, 1964); Scott v. United States, 231 F.Supp. 360 (D.N.J., 1964)). This appeal has been chosen for this court's expression on the Lauer controversy because the fact situation is typical of a number of other pending appeals and because of the excellence of the brief filed on behalf of defendant-appellant by court-appointed counsel, William H. Eder, Jr., of Cincinnati, Ohio.

We quote from defendant-appellant's brief this succinct statement of the relevant facts:

"This is an appeal in forma pauperis from an order of the United States District Court for the Western District of Kentucky denying defendant-appellant's motion to dismiss the indictment.

"Defendant-appellant was charged in a four count indictment. The first and third counts charged an unlawful sale of marihuana in violation of 26 U.S.C., Section 4742(a) on March 28, 1962, and again on March 31, 1962. The second and fourth counts charged an unlawful possession of

marihuana on the same two dates in violation of 26 U.S.C., Section 4744 (a). . The defendant-appellant pleaded not guilty but was found guilty by a jury on all four counts. After being convicted on October 12, 1962, defendant-appellant was sentenced to ten years each on the first and third counts and to two years each on the second and fourth counts. Eventually the Court ordered the sentences on all four counts to run concurrently, making the sentence to be served ten years.

"On October 21, 1963, the defendant-appellant filed a motion to dismiss the indictment. On October 29, 1963, an order was entered denying defendant-appellant's motion. The appeal here is from said order."

The first sale count [1] of the indictment which is under attack in this appeal re-cited as follows:

"INDICTMENT

"The Grand Jury charges:

"FIRST COUNT

"On or about the 28th day of March, 1962, in the Western District of Kentucky, HARRY LEE DICKERSON unlawfully transferred and sold to a certain person for the sum of $10.00 a quantity of the plant Cannabis Sativa L., to-wit, 4.021 grams of marihuana, not in pursuance of a written order from the purchaser, on a form issued in blank for that purpose by the Secretary of the Treasury, of the United States, or his delegate as required by the Internal Revenue Laws of the United States, in violation of Section 4742 (a), Title 26, United States Code."

The brief filed on behalf of petitioner asserts that these counts of the indictment offend the constitutional guaranties of the Fifth and Sixth Amendments of the Constitution of the United States.

The Fifth Amendment provides in part:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * * nor be deprived of life, liberty, or property, without due process of law * * *."

The Sixth Amendment provides:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation * * *."

█ The Sixth Amendment is, of course, specifically applicable. We have no doubt that violation of its command that a defendant be "informed of the nature and cause of the accusation" would indeed render an indictment fatally defective. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516 (1888); United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819 (1877).

█ Nor do we doubt that collateral attack can be brought in a proceeding under Title 28 U.S.C. § 2255 [2] upon a sentence based on an indictment which is found to be "so grossly defective" as to be violative of the United States Constitution. Johnson v. United States, 239 F.2d 636, 637 (C.A.6, 1956); Lauer v. United States, supra 320 F.2d at 189.

The indictment we deal with in this case, however, appears to contain a great deal of information pertaining to "the nature and cause of the accusation." It informs defendant that it is alleged that 1) Harry Lee Dickerson (the petitioner herein) 2) violated a particular statute (Title 26 U.S.C. § 4742(a)) (which prohibits the selling of marihuana except on presentation of an order form provided by the Treasury) 3) on a particular day (March 28, 1962) 4) in a particular area

---

1. The second sale count was identical in wording, except that it alleged a different date, a different amount, and a different price.

2. We construe petitioner's motion as being a motion to vacate sentence under § 2255.

(the Western District of Kentucky) 5) by selling a particular drug (marihuana) 6) in a particular amount (4.021 grams) 7) at a particular price ($10) 8) without a written order being provided (on the form furnished by the Secretary of the Treasury) 9) by the purchaser ("a certain person").

Obviously, "the nature * * * of the accusation," i. e. the illegal sale of marihuana, is spelled out with ample particularity. It is petitioner's contention, we take it, that "the cause of the accusation" is not so clear. Yet here defendant is informed that he is charged with selling a definite and exact amount of the drug at a specified and exact price on a particular day in the Western District of Kentucky to "a certain person" and without the legally required order form.

The phrase used in the indictment, "a certain person," was itself informative. It served to tell the defendant that the purchaser was known to the prosecution, and hence subject to a motion for a Bill of Particulars.

■■■ Clearly, the name of the purchaser is not an element of the crime. Both the Seventh and Tenth Circuits agree as to this: Lauer v. United States, supra 320 F.2d at 190, and Clay v. United States, supra 326 F.2d at 199; and our reading of the statute convinces us likewise. The particular facts which constitute an illegal sale of the drug represent the substance of the offense under 26 U.S.C. § 4742(a).

As the Ninth Circuit Court of Appeals pointed out in Rivera v. United States, supra at 318 F.2d 607, "The indictment thus alleged an offense, and identified *the particular conduct* upon which the charge was based * * *." (Emphasis added.)

We note, of course, that the offense charged in Rivera was violation of 21 U.S.C. § 176a, which, among other things, prohibits sale of illegally imported marihuana by one who knows of its illegal importation. In the instant appeal we deal with an allegation of sale of a drug which could be legally sold if the tax required had been paid and the specified order form had been furnished by the purchaser and retained by the seller for two years. See 26 U.S.C. §§ 4742, 4751, 4753.

The holding in Lauer that the name of the purchaser is "central" to the offense is not borne out by the language of the statute. The statute makes the act of sale the central fact of the offense, and the lack of the required order form another important requisite. Whereas here the indictment alleges specific facts sufficient to identify the act of sale, and specifically alleges that no order form was furnished, we believe "the cause of the accusation" has been made known.

The Tenth Circuit in declining to follow Lauer said:

"The elements of the statutory offenses with which appellant was charged under section 4705(a) are as follows: (1) The selling, bartering, exchanging or giving away narcotic drugs; (2) except in pursuance to a written order on a form issued in blank by the Secretary of the Treasury or his delegate. The statute makes no provision or requirement with respect to the identity of the person to whom an illegal sale is made and we must therefore conclude, as the court did in the Lauer case, that the identity of such person is not an element of the offense. Hence, the indictment and information in this case cannot be considered to be defective because of a failure to allege the elements of the offense." Clay v. United States, supra 326 F.2d at 199. See also McDowell v. United States, supra; Casias v. United States, 331 F.2d 570 (C.A.10, 1964).

Courts in several other circuits have also upheld narcotics sale indictments against attacks alleging constitutional deficiencies where the name of the purchaser was not given. Jackson v. United States, supra; Robinson v. United States, 329 F.2d 156, (C.A.9, 1964); Taylor v. United States, supra.

The rationale of Lauer is founded upon two United States Supreme Court cases;

Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) and United States v. Cruikshank, et al., 92 U.S. 542, 563, 23 L.Ed. 588 (1875). Neither case involved narcotics sales, and we do not find any analogy between the instant indictment's failure to name a narcotics purchaser and the deficiencies of the congressional contempt indictment in Russell and the civil rights conspiracy indictments in Cruikshank.

The reversal of the convictions in the Russell case (upon which it seems to us the Seventh Circuit relied heavily in Lauer) was due to the fact that as to the offenses charged the indictments allowed the prosecution to change positions to the prejudice of the defendants during trial and appeal. The court there held that there was an "uncertainty and unfairness" in the prosecutions based on the indictments concerned. Russell v. United States, supra at 369 U.S. 766, 82 S.Ct. 1038.

In the instant case we clearly have no such situation. No unfairness or uncertainty is argued to us. No prejudice to defendant's rights is shown.

The Russell case did, of course, set forth the general rule:

"In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first, whether the indictment 'contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet," ' and, secondly, ' "in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Cochran and Sayre v. United States, 157 U.S.

286, 290 [15 S.Ct. 628, 630, 39 L.Ed. 704]; Rosen v. United States, 161 U.S. 29, 34 [16 S.Ct. 434, 480, 40 L.Ed. 606].' Hagner v. United States, 285 U.S. 427, 431 [52 S.Ct. 417, 419, 76 L.Ed. 861]. See Potter v. United States, 155 U.S. 438, 445 [15 S.Ct. 144, 146, 39 L.Ed. 214]; Bartell v. United States, 227 U.S. 427, 431 [33 S.Ct. 383, 384, 57 L.Ed. 583]; Berger v. United States, 295 U.S. 78, 82 [55 S.Ct. 629, 630, 79 L.Ed. 1314]; United States v. Debrow, 346 U.S. 374, 377–378 [74 S.Ct. 113, 115–116, 98 L.Ed. 92]." Russell v. United States, supra 369 U.S. at 763, 82 S.Ct. at 1047.

The first of these criteria seems to us simply to require sufficient particularity in the charge so that defendant knows what conduct on his part is complained of. We have previously detailed the factual allegations which convince us that defendant herein was adequately informed.

As to the double jeopardy problem (which might conceivably be posed if defendant had been doing a land-office business in $10 marihuana packets on the date in question), the record of the trial, as well as the indictment, would be available to defendant to bar subsequent repeat prosecution for the specific sale.

We do not, of course, know from the Lauer opinion just what the terms of the indictment dealt with therein actually were. It may well have lacked particularity to such a degree that absent the name of the purchaser it did not inform defendant of "the cause of the accusation."

Our disagreement with Lauer, therefore, is not necessarily with its result, but with the rule which some of its readers have deduced therefrom that all narcotics indictments under similar statutes are constitutionally defective unless the purchaser is named.[3]

---

3. The actual holding of the Lauer case is: "The identity of the purchaser of the narcotic is not an element of the offense of unlawful sale proscribed by 26 U.S.C.A. § 4705(a). But, because of the type

of offense involved, the purchaser's name is a factor which in the absence of allegations properly excusing or overcoming its omission [neither count of the indictment here under consideration contained such

Obviously, the purchaser's name is one simple device for lending desired particularity to the indictment. But we regard the purchaser's name in a narcotics indictment as just one means—and sometimes perhaps not the most desirable—of informing defendant of the particular conduct complained of.

The courts are not unaware of the hazards attendant upon testimony of informants in narcotics cases. The United States Supreme Court in Roviaro v. United States, 353 U.S. 53 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), held that failure to disclose the name of an informer *at trial* was reversible error because unfair to defendant under the circumstances of that case. But it also declined to say that the informer's identity need to be divulged in all cases, even at trial. Instead the court formulated the following guidelines:

> "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro v. United States, supra at 62, 77 S.Ct. at 628.

The Seventh Circuit in Lauer also cited United States v. Simmons, supra. The Simmons case held:

> "Since the defendant was not charged with using the still, boiler,

and other vessels himself, but only with causing and procuring some one else to use them, the name of that person should have been given." United States v. Simmons, supra 96 U.S. at 362, 24 L.Ed. 819.

The distinction appears obvious to us. In Lauer and in our instant case the defendants were themselves charged with committing the offense—not procuring someone else to commit it.

Defendant's argument pertaining to Fifth Amendment due process suggests that by the failure to name the purchaser, defendant was deprived of information he needed in order adequately to prepare for trial. He does not, however, claim that he was ever in doubt as to who was alleged to be the purchaser of the drugs.

Actually, defendant filed a motion dated October 4, 1962 (eight days before the trial) which had attached an affidavit naming the person who was alleged to have purchased the marihuana. Obviously, at least by that date defendant had full information as to the alleged buyer.

The indictment in this case was drawn under the modern rule of simplified pleading: Federal Rules of Criminal Procedure, Rule 7:

> "(c) Nature and Contents.
>
> "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

If for any reason defendant had needed more information at an earlier date, he had available a motion for a Bill of Particulars under Rule 7(f).[4] United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953).

---

allegations.] is essential to meet the test recognized in Debrow, Simmons and Larkin as the standard by which the validity of an indictment and its sufficiency to support a conviction are to be measured." Lauer v. United States, supra 320 F.2d at 190.

4. Rule 7: "(f) Bill of Particulars.
"The court for cause may direct the filing of a bill of particulars. A motion

for a bill of particulars may be made only within ten days after arraignment or at such other time before or after arraignment as may be prescribed by rule or order. A bill of particulars may be amended at any time subject to such conditions as justice requires." Fed.R.Crim. Proc. No. 7.

On this record we hold that the defendant herein was sufficiently informed to know the nature and cause of the accusation; that the appeal discloses no fundamental unfairness or prejudice to his rights, and that the indictment complained of was not constitutionally defective.

The judgment of the District Court is affirmed.