Troy Lee COCHRAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15531.

United States Court of Appeals Sixth Circuit.

Oct. 2, 1964.

---

1. Underwriters at Lloyds v. Munz (D.Alaska 1963) 224 F.Supp. 954.

Charles A. Brigham, Jr. (court appointed), Cincinnati, Ohio, for appellant.

Boyce F. Martin, Jr., Louisville, Ky. (William E. Scent, U. S. Atty., John E. Stout, Asst. U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Petitioner-appellant was arrested, tried, found guilty by a jury, and sentenced to concurrent terms which produced a five-year sentence on three counts alleging sale and possession of marihuana.

Prior to the date of the Seventh Circuit Opinion in Lauer v. United States, 320 F.2d 187 (C.A.7, 1963), petitioner filed a motion *pro se* to vacate sentence under Title 28 U.S.C. § 2255 alleging sixteen grounds for such relief. The District Judge in a carefully drawn opinion and order summarized the points raised (which pertain principally to issues which are subject to decision on appeal) and held that all were without merit in a § 2255 proceeding.

Petitioner-appellant thereupon filed notice of appeal and this court appointed counsel for him. Before this court counsel urged that one paragraph of petitioner's motion be construed as an attack upon the constitutionality of one count of the indictment because of its failure to name the purchaser of the narcotics. See Lauer v. United States, supra. Appointed counsel also contended that the possession counts were void because they failed to set out the presumption contained in Title 26 U.S.C. § 4744(a).

We have inspected and considered petitioner's original motion filed *pro se*, his brief filed in this court, and the District Judge's opinion and order. We believe that the latter constituted adequate legal response to petitioner's motion.

In another appeal we have dealt extensively with the Lauer opinion of the Seventh Circuit and declined to follow it. United States v. Dickerson, 337 F.2d 343 (C.A.6, 1964). No contention was made before the District Judge or before us that petitioner was refused information as to the identity of the alleged purchaser at or prior to trial.

As to the last of appointed counsel's contentions—the counts of the indictment made specific reference to the applicable statutory provisions by citing them. The presumption referred to is one created by statute not by the language of the indictment. Federal Rules of Criminal Procedure, Rule 7(c) specifically authorizes use of "the official or customary citation of the statute."

Affirmed.