**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Orlando LAMAR, Defendant-Appellant.**

**No. 15556.**

United States Court of Appeals Sixth Circuit.

Oct. 2, 1964.

Henry E. Sheldon, II (court appointed), Cincinnati, Ohio, for appellant.

James Francis Finn, Detroit, Mich. (Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and MILLER, District Judge.

PER CURIAM.

Defendant-appellant appeals from jury verdicts and sentences for unlawful possession and sale of narcotics. The principal issue argued before this court on appeal in forma pauperis was that the sale counts of the indictment were constitutionally defective in that they failed to inform defendant of the name of alleged purchasers. In this regard defendant's appeal cites and relied on Lauer v. United States, 320 F.2d 187 (C.A. 7, 1963). The court notes with appreciation the excellent brief filed by court-appointed counsel, Mr. Henry E. Sheldon, II, of Cincinnati, Ohio.

We have recently considered and declined to follow Lauer. United States v. Dickerson, Decided Sept. 29, 1964, 337 F.2d 343 (C.A. 6, 1964). The various counts of the instant indictment gave this defendant all the information

which was supplied by the indictment in Dickerson, supra, except the exact sale price. We do not believe this omission is fatal or that defendant was uninformed by the indictment of "the nature and cause of the accusation."

Where in Dickerson the indictment referred to sale "to a certain person," the sale counts of instant indictment refer to sale "to a special employee of the United States Bureau of Narcotics." Thus, even more definitely than in Dickerson, the defendant was on notice that the names of the purchasers were known to the prosecution and, on good cause shown, could be ascertained by motion for a Bill of Particulars under Rule 7(f) of the Federal Rules of Criminal Procedure.

Actually in this case such a motion was timely filed and the names of the purchasers were given to defendant twenty-four days before trial. We find no violation of defendant's constitutional rights.

We have considered defendant's objections to the trial judge's charge. Defendant was represented by counsel and no objection to the charge was made at trial. Further, the charge, although simple and concise, set forth the elements of the crime charged and the nature of proofs necessary to convict in a manner which was both informative and fair. We find no fundamental error in the charge. United States v. Ramsey, 291 F.2d 737 (C.A. 6, 1961).

■ On this appeal defendant also contends that there was insufficient proof of possession and sale for the submission of the various counts of the indictment to the jury. Our review of the record shows ample proof of possession and sale to sustain the jury verdicts as to counts 1, 2, 3, 4, 5 and 6.

Counts 7 and 8, however, relate to a transaction alleged to have taken place on January 2, 1963, as indicated by the following testimony in the record:

"So a few days passed, and on this date, January 2, I had called Agent Lewis and I had already told him about it, and he come out and drove me to Carter and Wildmere, just across the street from defendant's house, and he give me $20, which I went in and got the two packages. One was dark and one was light.

"I come back out and gave the packages to Mr. Lewis. He searched me, and that was it."

At oral argument and from consideration of the briefs and appendices, this court was of the opinion that the defendant's contention that the record did not contain direct evidence of this sale was well founded.

Inspection of the transcript of trial shows, however, this final question and answer plainly related to the purchase of January 2, 1963, which had already been completely described, except for direct testimony as to the identity of the seller:

"Q. (By Mr. Pytell) Would you identify the person that you made this purchase from?

"A. The man sitting at the table there."

The judgment of the District Court is affirmed.