**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leonard WOOD, Defendant-Appellant. No. 15852.**

United States Court of Appeals Sixth Circuit.

Feb. 8, 1965.

Lawrence W. Massey, Detroit, Mich., for appellant.

Lawrence Gubow, U. S. Atty., Milton J. Trumbauer, Jr., Asst. U. S. Atty., Detroit, Mich., for appellee.

Before WEICK, Chief Judge, and CECIL and PHILLIPS, Circuit Judges.

PER CURIAM.

The defendant-appellant appeals from a conviction in the United States District Court for the Eastern District of Michigan upon the third count of a three-count indictment charging possession of narcotics in violation of Section 174, Title 21 U.S.C. The first question presented by the appeal is that the district judge erred in failing to grant the defendant's motion to suppress the evidence found in his apartment.

On the afternoon of January 11, 1963, at about 2 p. m. Federal Narcotics Agent Edmund C. Irvin, together with agents Ernest J. Marquardt and Girard Miller, went to the defendant's apartment for the purpose of serving a warrant of arrest upon him. The apartment was numbered 202 in an apartment building located at 1360 Seward Street. The agents gained entrance to the common hallways of the building when another person was going in or out of the building. The officers proceeded up the stairway to the entrance of apartment 202. Evidence which is not contradicted in the record before us is to the effect that entrance to the apartment was gained as follows: A knock was made on the door and it was announced that federal narcotic officers desired admittance to serve a warrant of arrest on the defendant. The officers waited two or three minutes, or perhaps less, and hearing some commotion inside, without any effort to open the door, they entered by force.

In the absence of any federal law regulating the execution of arrests, the law of the state in which the arrest is made is controlling. Ker v. California, 374 U.S. 23, 37, 83 S.Ct. 1623, 10 L.Ed. 2d 726. The procedure followed by the officers here was in accordance with Section 28.880 of Michigan Statutes Annotated, Comp.Laws 1948, § 764.21. We find no merit to the contention that the officers were trespassers in the hallways of the apartment building. This case can be distinguished on its facts from McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153. In Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332, cited by defendant, the officers broke in without first giving notice of their authority and purpose. This was not true in the case before us.

Upon entering the apartment, the officers placed the defendant under arrest. The tinfoil package which contained the contraband narcotics was on a chest of drawers in the bedroom and was observed from the hall a few feet away. We conclude that the search made here was permissive as a search incident to an arrest. Harris v. United States, 331 U.S. 145, 154–155, 67 S.Ct. 1098, 91 L.Ed. 1399; Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145. See also Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

The second assignment of error is that the trial judge erred in permitting agent Irvin to testify what was said to him by an unidentified informer concerning the presence of the defendant in the apartment where he was arrested.

The testimony in question was given to the court out of the presence of the jury for the purpose of showing that the officers had reasonable ground to believe that the defendant was in his apartment. The testimony was proper for this purpose and the trial judge committed no error in admitting it.

Counsel for defendant has submitted no authorities in support of his contention.

The judgment of the District Court is affirmed.