**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Danny Frank LUSTER and Eula Lee
Warner, Defendants-Appellants.**

**No. 15945.**

United States Court of Appeals
Sixth Circuit.

March 24, 1965.

---

Henry Heading, Detroit, Mich., on the brief, for appellants.

Lawrence Gubow, U. S. Atty., Milton J. Trumbauer, Jr., Asst. U. S. Atty., Detroit, Mich., on the brief, for appellee.

Before WEICK, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

CECIL, Circuit Judge.

Danny Frank Luster and Eula Lee Warner, defendants-appellants herein, appeal from an order of the United States District Court for the Eastern District of Michigan, Southern Division, adjudging them guilty of count one of an indictment charging them with possession of approximately 2.1 grams of heroin in violation of Section 174, Title 21, U.S.C.

Prior to trial, counsel for the defendants, as they will be referred to here, moved to suppress the evidence obtained by the officers at the time of the arrests, on two grounds: 1. That the arresting officers did not have probable cause to believe that the defendants had committed a crime, or were committing a crime at the time they were arrested, and 2. That the arresting officers illegally entered the apartment thereby rendering the subsequent search unreasonable as well as illegal. This motion was denied by the trial judge.

The appeal is based solely on the denial of the motion to suppress the evidence. It is the theory of counsel that if the evidence is suppressed the case must fall. Counsel for the defendants, in his brief, poses three questions stated slightly different than the questions as framed in the motion to suppress. Issues cannot be raised on appeal that were not before the trial court. Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed. 2d 199; Turberville et al. v. United States, 112 U.S.App.D.C. 409, 303 F.2d 411, cert. den. 370 U.S. 946, 82 S.Ct. 1596, 8 L.Ed.2d 813; United States v. Doelker, 327 F.2d 343, C.A.6; Reeves v. Commissioner, 314 F.2d 438, C.A.6. Counsel briefs only his third question which presents the issue raised in the second question on the motion, the legality of the entry into the apartment of the defendant Luster. Counsel indicates that in discussing this one question he does not waive the right to discuss the other questions later. This Court cannot permit different questions on one appeal to be argued and briefed seriatim at different times.

We address ourselves to the questions presented to the trial court on the motion to suppress the evidence. There is virtually no dispute about the facts. On September 18, 1963, Federal Narcotics Agent Irvin received information from an informer, who had previously given him reliable information, that a man known as "Stinky" was in possession of heroin which the informer believed he could purchase. The informer was given money with which to make a purchase of heroin from "Stinky." Agent Irvin and fellow officers observed the informer enter an apartment building at 2208 John R. Street, in the City of Detroit, Michigan. (This was the building in which the apartment of defendant Luster was located.)

When the informer returned, he reported that "Stinky" would not sell him narcotics unless he used it on the premises in the presence of "Stinky." The informer also told Agent Irvin that a woman wearing a red dress came into the

apartment while he was there and purchased four capsules of heroin which she injected into her arm in the presence of "Stinky." "Stinky's" girl friend (defendant Eula Lee Warner) assisted "Stinky" in making this sale. The informer saw "Stinky" put a medicine-type bottle containing approximately 100 red capsules of heroin in his bedroom. There was testimony that the officers saw a female with a red dress enter the apartment.

■ We agree with the trial judge that the facts as herein related constituted adequate information in the possession of the officers that the defendants had committed or were committing a crime at the time of the arrests. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

■ Section 7607,[1] Title 26, U.S.C. authorizes agents of the Bureau of Narcotics to make arrests without a warrant for violations of any law of the United States relating to narcotic drugs, if the agents have reasonable grounds to believe that the person to be arrested has committed such a violation. The legality of arrests for federal offenses is to be determined by state law insofar as it is not violative of the Federal Constitution. Ker v. California, 374 U.S. 23, 83 S. Ct. 1623, 10 L.Ed.2d 726; Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L. Ed. 436; United States v. Di Re, 332 U.S. 581, 68 S.Ct. 322, 92 L.Ed. 210.

The applicable Michigan statute is Section 28.880 M.S.A., Comp.Laws 1948, § 764.21, and reads as follows:

"To make an arrest, a private person, if the offense be a felony committed in his presence, or a peace officer with a warrant or in cases of felony when authorized without a warrant, may break open and enter an outer door of any building in which the person to be arrested is or is reasonably believed to be, if, after he has announced his purpose, he is refused admittance."

At about 12:05 a. m., on the night of September 18th, after receiving the report of the informer, Agent Irvin and his fellow officers went to the apartment at 2208 John R. Street. The informer opened the back door of the apartment building for them and directed them to apartment 25. The informer had given the officers accurate descriptions of "Stinky" and his girl friend by which they were enabled to identify the defendants.

Upon approaching the door of the apartment, the officers could hear a conversation going on inside and activity within the apartment. Detective Anderson knocked and all activity stopped inside. Agent Irvin then knocked, and identified the officers as Federal Narcotic Bureau agents, and requested the door to be opened. A muffled scream from a female voice was heard from the inside and when there was no indication from the inside that the occupants would either answer or open the door, the officers forcibly entered. Upon entering the apartment, the officers placed "Stinky" and his girl friend under arrest. They were identified as the defendants.

Agent Swank seized a small amount of heroin from a table in the room in which the defendants were arrested. Agent Swank then went into the bedroom and took from a bureau drawer a plastic medicine-type bottle containing 61 red capsules of heroin. This is the evidence which was the subject of the motion to suppress.

1. Section 7607. "The Commissioner, * * * and agents, of the Bureau of Narcotics of the Department of the Treasury, * * * may—
"* * * *
"(2) make arrests without warrant for violations of any law of the United States relating to narcotic drugs (as defined in section 4731) or marihuana (as defined in section 4761) where the violation is committed in the presence of the person making the arrest or where such person has reasonable grounds to believe that the person to be arrested has committed or is committing such violation."

The basic contention on this appeal is that the entry was illegal because the officers did not declare their purpose to make an arrest.

■ From the muffled scream on the inside when Agent Irvin identified the officers as Federal Narcotic Bureau Agents, and the failure to open the door on request, it is obvious that the occupants knew the purpose of their visitors. In a similar case we said: "It is a reasonable conclusion that a declaration of purpose was implicit in the declaration of identity." United States v. Sharpe, 322 F.2d 117, 120. The circumstances called for quick action to prevent the destruction of the evidence which, as we have shown, the officers had probable cause to believe was concealed on the premises. 322 F.2d at 120. We agree with the trial judge that, under the circumstances, the forcible entry of the officers into the apartment of the defendant Luster was reasonable.

Counsel for the defendants cites Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332, in support of his contention that the entry into the apartment was unlawful. In that case the Court held that the validity of the arrest was to be determined by reference to the law of the District of Columbia. That law was to be tested by criteria identical with those embodied in Section 3109,[2] Title 18, U.S.C. In the case before us, the validity of the arrest is to be determined by reference to the law of Michigan. Although the statute of Michigan requires a declaration of identity and purpose, as does the federal statute, the trial judge found that under the circumstances the forcible entrance was justified. We agree. In Miller the Court recognized that in some states exigent circumstances justify non-compliance with the strict requirements of the statute, for example, an attempt to destroy evidence. But the Court was not called on to decide and did not decide that question in Miller. 357 U.S. at 309, 78 S.Ct. 1190, 2 L.Ed.2d 1332.

The facts of Miller can be distinguished from the facts in the case at bar. In Miller the police knocked and in a low voice said "police." We do not know that the occupants heard the word "police." The petitioner opened the door on an attached door chain and asked what the officers were doing there. Before either officer responded, the petitioner attempted to close the door and without declaring their purpose, the officers forced an entrance.[3] In the case at bar, it was obvious that the occupants knew the identity of the officers and made no attempt to open the door.

We conclude that the officers had reasonable ground and probable cause to believe that the defendants were in the apartment and that they were violating the laws of the United States with reference to narcotics. Having such belief, they were authorized to make arrests without warrants. The officers having identified themselves, and being recognized from within with no effort to open the door, were confronted with the requirement to take quick action to prevent the destruction of evidence. The forcible entry was therefore legal and the arrests

2. Section 3109. "Breaking doors or windows for entry or exit
  "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

3. In footnote 11 to his opinion, Justice Brennan said: " * * * Our examina-

tion of the record made at that time brings us into complete agreement with Judge Edgerton, who, dissenting in the Court of Appeals, said, 'I find no evidence, and the court cites no evidence, that supports an inference that Miller even recognized the officers as the narcotic squad.' Sheperd v. United States, 100 U.S.App.D.C. 302, 311, 244 F.2d 750, 759. Even if petitioner could have seen the officers sufficiently to make out their faces, there is no evidence that he knew them personally. * * * " 357 U.S. at 311, 78 S.Ct. at 1197.

of the defendants upon entering the apartment were legal. The evidence in question was found in a lawful search incidental to the arrests, and was admissible. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Wood, 341 F.2d 103, C.A.6.

The judgment of the District Court is affirmed.