**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Forest ALEXANDER, Defendant-Appellant.**

**No. 16040.**

United States Court of Appeals
Sixth Circuit.

June 10, 1965.

William H. Van Duzer (Court-appointed), Lansing, Mich., for appellant.

Joel M. Shere, Detroit, Mich. (Lawrence Gubow, U. S. Atty., Milton J. Trumbauer, Jr., Asst. U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before MILLER and O'SULLIVAN, Circuit Judges, and PECK, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant, Forest Alexander, was found guilty in a trial by jury for unlawfully receiving or concealing a narcotic drug knowing the same to have been imported or brought into the United States contrary to law, in violation of Section 174, Title 21, United States Code. Under the statute possession of the narcotic drug is sufficient evidence to authorize conviction, unless the defendant explains the possession to the satisfaction of the jury. He received a sentence of ten years.

The material facts are not in dispute. Prior to September 17, 1963, agents of the Federal Bureau of Narcotics had in their possession a validly issued federal warrant for the arrest of one Trudy Lew-

is. On September 17, 1963, Agent Miller of the Federal Bureau of Narcotics received information from an informant that one Trudy Lewis was at that time living in a rear apartment on the second floor at 254 Frederick Street in the city of Detroit, Michigan. On the following evening federal agents kept the building and the two rear apartments on the second floor under surveillance for about an hour. One of the two upper rear apartments was dark; the other was lighted. The agents observed two men knock at the door of the lighted apartment, who were then admitted. The agents attempted to interview the manager of the building about the whereabouts of Trudy Lewis, but she would not admit them into her apartment or answer their questions through the closed door. Thereafter, the two agents knocked on the door of the lighted apartment. A man on the inside came to the door, pulled the shade aside, and asked, "Who is there?" When one of the agents identified himself to be a Federal Narcotics Officer the man inside dropped the shade and his footsteps were heard retreating from the door. Upon receiving no answer to a second request for admission, the agents immediately made a forceable entry. Thereupon, one of the agents heard the sound of running water in the bathroom. Entering the bathroom, he found the appellant Alexander leaning over the bathtub, washing some capsules down the drain. The agent pushed Alexander aside and grabbed one of the capsules, which he prevented from going down the drain. The Government chemist was unable later to analyse this capsule to determine if it contained narcotics. After immediately placing the appellant under arrest, he then found another capsule in a white envelope on the floor beside the appellant. This capsule was later found to contain heroin. The agents did not have a search warrant to search the premises, nor was Trudy Lewis found on the premises at the time.

Appellant first contends that it was error on the part of the District Judge to overrule his motion to suppress evidence, consisting of the heroin capsule, the ground being that the agents had no search warrant, enabling them to search the premises nor a warrant for the arrest of the appellant or for the arrest of any other person on the premises.

■ The answer to this contention depends upon whether the forceable entry itself was illegal. Although Rule 4 of the Federal Rules of Criminal Procedure sets forth certain regulations regarding execution of a warrant for arrest, it does not cover the procedure for making a forceable entry to execute such a warrant. The question, accordingly, is controlled by state law. Ker v. State of California, 374 U.S. 23, 37, 83 S.Ct. 1623, 10 L.Ed.2d 726; United States v. Wood, 341 F.2d 103, C.A. 6th. The applicable provision is Section 28.880, Michigan Statutes Annotated, Comp. Laws 1948, § 764.21, which provides:

"To make an arrest, a private person, if the offense be a felony committed in his presence, or a peace officer with a warrant or in cases of felony when authorized without a warrant, may break open an inner or outer door of any building in which the person to be arrested is or is reasonably believed to be if, after he has announced his purpose, he is refused admittance."

■ We are of the opinion that the forceable entry in the present case was in compliance with the requirements of the statute. Relying upon the information given them by the informant, the agents had reasonable grounds to believe that Trudy Lewis was on the premises. Draper v. United States, 358 U.S. 307, 312–313, 79 S.Ct. 329, 3 L.Ed.2d 327. Furthermore, it is not contradicted that the agents adequately identified themselves to the party inside the door. We have held that in a case such as this a declaration of purpose is implicit in a declaration of identity. United States v. Sharpe, 322 F.2d 117, 120, C.A. 6th. Under the provisions of the applicable

Michigan statute, we hold that the forceable entry was lawful. Ker v. State of California, supra, 374 U.S. 23, 38–40, 83 S.Ct. 1623; United States v. Wood, supra, 341 F.2d 103, C.A. 6th; United States v. Sharpe, supra, 322 F.2d 117, 120, C.A. 6th.

 Appellant next argues that his arrest was unlawful in that the agents lacked sufficient probable cause on the basis of which to make an arrest without a warrant. The argument is not persuasive. Section 7607, Title 26, United States Code, authorizes agents of the Bureau of Narcotics to make arrests without a warrant for violation of any federal law relating to narcotic drugs if the officers have reasonable grounds to believe that the person to be arrested has committed or is committing such a violation. The actions of the appellant in flushing capsules down the bathtub drain after learning that narcotics agents were seeking admission to the apartment, which admission had been refused, gave an experienced narcotics officer reasonable grounds to conclude that the man had actual or constructive possession of narcotics. Being lawfully on the premises and having observed the appellant in his attempt to dispose of the contraband, the possession of which is a federal offense, the agent had reasonable grounds to arrest him without a warrant. Love v. United States, 170 F.2d 32. C.A. 4th, cert. denied, 336 U.S. 912, 69 S.Ct. 601, 93 L.Ed. 1076.

The arrest being lawful, it was not error to admit into evidence the capsule of heroin found subsequent to the arrest, in that the search and seizure, having been made incident to a lawful arrest, were valid. Draper v. United States, supra, 358 U.S. 307, 314, 79 S.Ct. 329; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, rehearing denied, 331 U.S. 867, 67 S.Ct. 1527, 91 L.Ed. 1871; Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145.

The judgment is affirmed.