Arlie C. **BUSH**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 16070.

United States Court of Appeals
Sixth Circuit.

June 24, 1965.

Arlie C. Bush, in pro. per.

Joseph P. Kinneary, U. S. Atty., Dayton, Ohio, Charles G. Heyd, Asst. U. S. Atty., Cincinnati, Ohio, for appellee.

Before CECIL, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

This cause is before the Court on appeal by Arlie C. Bush, petitioner-appellant, from an order of the United States District Court for the Southern District of Ohio, Western Division, denying a motion to vacate sentence under Section 2255, Title 28 U.S.C. The petitioner challenges the sufficiency of the indictment upon which he was convicted.

This Court has held:

"When there is an offense defined by a federal statute, of which the sentencing court has jurisdiction, and the indictment or information apparently attempts to charge an offense under such statute and such court acquires jurisdiction over the person of the defendant, the sufficiency of the indictment is not subject to attack in a habeas corpus proceeding, nor by motion under § 2255, supra." Stegall v. United States, 259 F.2d 83, cert. den. 358 U.S. 886, 79 S.Ct. 128, 3 L.Ed.2d 114.

The indictment in this case meets these requirements and is not open to attack in this proceeding.

Petitioner cites Lauer v. United States, 320 F.2d 187, C.A. 7, in support of his motion. This case required the name of the purchaser to be stated in the indictment in a charge of sale of narcotics in violation of Section 4705(a), Title 26 U.S.C. In Collins v. Markley, 346 F.2d 230, the Seventh Circuit Court of Appeals, sitting en banc, held that it was in error in its decision in Lauer and that the failure to state the name of a purchaser in an indictment under Section 4705(a), Title 26 U.S.C. is not a fatal defect. This Court never followed the ruling of the Lauer case. See Smith v. United States, 338 F.2d 996; United States v. Lamar, 337 F.2d 349; Cochran v. United States, 336 F.2d 799; and United States v. Dickerson, 337 F.2d 343.

The petitioner has presented for the first time on this appeal a claim that his plea of guilty was not voluntarily entered. Questions cannot be presented on appeal that have not first been determined by the District Court, from which the appeal is taken. Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199; Turberville et al. v. United States, 112 U.S.App.D.C. 400, 303 F.2d 411, cert. den., Williams v. United States, 370 U.S. 946, 82 S.Ct. 1596, 8 L.Ed.2d 813; United States v. Luster, 342 F.2d 763, C.A. 6; United States v. Doelker, 327 F.2d 343, C.A. 6; Reeves v. Commissioner, 314 F.2d 438, C.A. 6.

The judgment of the District Court is affirmed.