**John MACHIBRODA per se, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. C 65-35.**

United States District Court
N. D. Ohio, W. D.
June 30, 1965.

See also 6 Cir., 338 F.2d 947.

Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, for respondent.

KLOEB, District Judge.

Under date of March 10, 1965, petitioner filed his motion in this Court alleging the insufficiency of Information No. 10345 and Information No. 10348 filed in this Court in January of 1956.

A brief in support of the motion to vacate sentence pursuant to Section 2255, Title 28 United States Code accompanied petitioner's motion. In this brief (page 1), under the heading "Questions Presented", we find the following:

"1. There is actually only one question involved in this action: Whether the informations in cases Nos. 10345–10348 are insufficient in law because they fail to adequately and competently inform the accused of the crime or crimes charged with reasonable certainty so that he can make a defense and protect himself from further jeopardy."

The insufficiency claimed is the failure of the Informations to state the names of the bank employees whose lives were alleged to have been put in jeopardy during the perpetration of bank robberies.

Under date of April 22, 1965, the respondent United States of America filed its memorandum in opposition to petitioner's motion and, under date of May 6, 1965, petitioner filed his reply to the memorandum in opposition to the motion.

During all of the proceedings involving extradition, arraignment, plea and sentence, petitioner was represented by one or more able lawyers of his own choice and employment.

On January 25, 1956, he appeared before a Judge of the County of Wentworth, City of Hamilton, Canada, represented by counsel of his own choosing

and waived his rights to the Extradition Act and consented to return to Toledo, Ohio.

Under date of February 17, 1956, petitioner appeared before this Court represented by two able lawyers of his own choice and employment and, at the request of counsel, a plea was deferred.

Under date of February 24, 1956, petitioner again appeared before this Court accompanied by one of his attorneys, at which time a plea of guilty was entered to both of the Informations. Sentence was deferred pending the preparation and receipt and examination of a presentence report.

At, before and after the time of arraignment Rule 7(f) of the Federal Rules of Criminal Procedure was in effect as it is in effect today. It reads as follows:

"(f) Bill of Particulars. The court for cause may direct the filing of a bill of particulars. A motion for a bill of particulars may be made only within ten days after arraignment or at such other time before or after arraignment as may be prescribed by rule or order. A bill of particulars may be amended at any time subject to such conditions as justice requires."

At no time at, before or after arraignment was a motion filed for a bill of particulars.

The trial of United States v. Marvin Ferris Breaton, co-defendant in Criminal case No. 10345, was tried to a jury from May 1 to May 3, 1956. Petitioner appeared and testified under oath in behalf of Mr. Breaton and admitted the robbery of the Waterville bank but denied that co-defendant Breaton was the individual who accompanied him.

On May 23, 1956, petitioner appeared before the Court for sentencing accompanied by one of his attorneys.

During all of these appearances Rule 12(b) (2) and (3) of the Federal Rules of Criminal Procedure was in effect as it is today. It reads as follows:

"(2) Defenses and Objections Which Must Be Raised. Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.

"(3) Time of Making Motion. The motion shall be made before the plea is entered, but the court may permit it to be made within a reasonable time thereafter."

At no time during these proceedings or thereafter was any motion filed to the Informations.

At no time then or now was the question of the jurisdiction of the Court raised nor did it appear that the Court lacked jurisdiction.

In the case of Harris v. United States, 288 F.2d 790, 792 (8th Cir.1961), we find the following:

"Defendant's plea of guilty was an admission of his guilt and a 'waiver of all non-jurisdictional defects and defenses and an admission of all the facts averred in the information.'"

The Informations in these cases charge bank robbery, the assault being an aggravating factor. The persons assaulted are sufficiently described as "the employees of the bank". The failure to name the assaulted parties, if this be improper, is not such an essential omission as to render these Informations subject to collateral attack, particularly in view of the limiting description contained, i.e., "the employees" of the bank.

Petitioner relies upon the case of Russell v. United Staates, 369 U.S. 749, 81 S.Ct. 1913, 6 L.Ed.2d 1252. In each of

the cases involved therein, a timely motion was filed to quash the indictment before trial for failure to state the subject under inquiry; but in each case the motion was denied by the trial Court and the issue thus raised was preserved and properly presented to the Supreme Court.

In this case we do not have such a situation as no motions were ever filed.

As to the question of double jeopardy, it appears from the Informations that the bank robberies are sufficiently described as to date and place as that these convictions would bar a future charge of robbery of the banks in question on the dates in question. As a further bar to double jeopardy, Section 3282, Title 18 United States Code Annotated, reads as follows:

"Except ,as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within three years next after such offense shall have been committed."

In the case of Arlie C. Bush, Petitioner-Appellant v. United States of America, Respondent-Appellee, on appeal from the United States District Court for the Southern District of Ohio, Western Division, 347 F.2d 231, decided June 24, 1965 (6th Cir.), the Per Curiam opinion reads, in part, as follows:

"This cause is before the Court on appeal by Arlie C. Bush, petitioner-appellant, from an order of the United States District Court for the Southern District of Ohio, Western Division, denying a motion to vacate sentence under Section 2255, Title 28, U.S.C. The petitioner challenges the sufficiency of the indictment upon which he was convicted.

"This Court has held:

'When there is an offense defined by a federal statute, of which the sentencing court has jurisdiction, and the indictment or information apparently attempts to charge an offense under such statute and such court acquires jurisdiction over the person of the defendant, the sufficiency of the indictment is not subject to attack in a habeas corpus proceeding, nor by motion under Section 2255, supra.' Stegall v. United States, 259 F.2d 83, cert. den. 358 U.S. 886 [79 S.Ct. 128, 3 L.Ed.2d 114].

"The indictment in this case meets these requirements and is not open to attack in this proceeding."

The motion to vacate sentence pursuant to Section 2255, Title 28 United States Code, is denied.

An order is drawn accordingly.