Sidney DUNHAM, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 16274.

United States Court of Appeals
Sixth Circuit.

July 14, 1965.

Sidney Dunham, in pro. per.

William E. Scent, U. S. Atty., Boyce F. Martin, Jr., Asst. U. S. Atty., Louisville, Ky., for appellee.

Before WEICK, Chief Judge, and MILLER and CECIL, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Western District of Kentucky denying the appellant's motion to vacate his sentence under Section 2255, Title 28, U.S.C. The appellant, Sidney Dunham, was convicted on three counts of an indictment charging the unlawful sale and possession of marihuana, in violation of Sections 4742(a) and 4744(a), Title 26, U.S.C.

The appellant was sentenced to ten years on count one and to five years on each of counts two and three. The sentences were all to run concurrently with each other. A fine of one dollar was assessed against the appellant on each count. The appellant concedes that there are no known defects in counts two and three and that he would not be entitled to his freedom until he has served his time on those sentences.

The sole question presented on this appeal is whether count one of the indictment is invalid for the reason that the name of the transferee was not alleged therein. Count one alleged that: "On or about the 7th day of July, 1962, in the Western District of Kentucky, Sidney Dunham unlawfully transferred and sold to a certain person for the sum of $25.00 a quantity * * * of marihuana, * * * in violation of Section 4742(a), Title 26, United States Code."

The appellant bases his claim on Lauer v. United States, 320 F.2d 187, decided by the Seventh Circuit. Being aware that this Court has not followed Lauer [1] he argues that he is denied a right to bring a habeas corpus action in Indiana. Since the appellant is confined in a federal penitentiary in Terre Haute, Indiana, he claims that his constitutional right to the writ of habeas corpus has been suspended by the requirement to

1. Bush v. United States, 347 F.2d 231, C.A.6; United States v. Dickerson, 337 F.2d 343, C.A.6; Cochran v. United States, 336 F.2d 799, C.A.6; Taylor v. United States, No. 15530 (C.A.6, 1964); Smith v. United States, 338 F.2d 996, C.A.6; United States v. Lamar, 337 F.2d 349, C.A.6.

bring his action under Section 2255, Title 28, U.S.C. Without laboring this question, suffice it to say that the Seventh Circuit has overruled Lauer. Collins v. Markley, 346 F.2d 230, C.A.7.

The judgment of the District Court is affirmed.