**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Henry JORDAN, Defendant-
Appellant.**

No. 16253.

United States Court of Appeals
Sixth Circuit.

Aug. 13, 1965.

Eugene D. Smith, Cincinnati, Ohio, for appellant.

Arnold Morelli, First Asst. U. S. Atty., Cincinnati, Ohio (Joseph P. Kinneary, U. S. Atty., Cincinnati, Ohio, on the brief), for appellee.

Before WEICK, Chief Judge, MILLER, Circuit Judge, and BOYD, District Judge.

BOYD, District Judge.

Appellant Jordan was charged in a four count indictment in the District Court with violations of the Internal Revenue Code, Title 26 U.S.C., as follows: Section 5601(a)(1), possession of a still; Section 5601(a)(7), fermenting mash to produce distilled spirits; Section 5604(a)(1), possession of unstamped distilled spirits; and Section 5686(a), possession of the above properties intended for use and which had been used in violation of the aforementioned statutes. After a jury trial appellant was found guilty and sentenced on all four counts of the indictment.

This appeal from the convictions aforesaid raises issues concerning the search of a two story brick house under lease to the appellant at 307 Donahue Street in Cincinnati, Ohio, and the arrest of appellant and search of his person. Appellant contends that probable cause for the issuance of the search warrant herein covering the premises aforesaid was not sufficiently established in its accompanying affidavit. Appellant further contends the search herein was exploratory and there was not probable cause to arrest him after the still in full operation was found on the upper floor of his residence and, therefore, the search of his person at the time was illegal. The District Court on motion to suppress ruled against the appellant's contentions and admitted all of the evidence seized on the occasion in question.

The proof in the record clearly establishes the officers had the benefit of information obtained from a reliable informant that appellant was engaged in manufacturing illicit distilled spirits at the location herein. In corroboration, appellant's place was under surveillance for some time prior to the within search, and the officers had observed the transfer of jugs, customarily used in the illicit liquor traffic, to and from automobiles at the rear of the same. The officers during the surveillance aforesaid also detected the odor of mash emanating from the premises and observed the unloading of what appeared to be large bags of sugar at the rear of the house. The officer's affidavit clearly reveals the aforesaid facts, and it appears that the conclusions of the commissioner based thereon were well founded and sufficient upon which to issue the search warrant herein. Assuming a search warrant was necessary, this clearly was a valid one issued upon a showing of probable cause pursuant to Rule 41 of the Federal Rules of Criminal Procedure. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684; Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Jones v. United States, 362 U.S. 257, 270, 80 S.Ct. 725, 4 L.Ed.2d 697; Draper v. United States, 358 U.S. 307, 311, 79 S.Ct. 329, 3 L.Ed.2d 327; Brinegar v. United States, 338 U.S. 160, 173, 69 S.Ct. 1302, 93 L.Ed. 1879.

This Court has previously pointed out that "probable cause for the issuance of a search warrant exists where circumstances before the officer are such as to cause a man of reasonable prudence to believe that an offense is being committed. The Commissioner must exercise his own judgment as to whether the facts in the affidavit constitute probable cause for issuance of a search warrant; and his determination is conclusive, unless his judgment is arbitrarily exercised." United States v. Nicholson, 303 F.2d 330 (C. A. 6, 1962), cert. den. 371 U.S. 823, 83

S.Ct. 43, 9 L.Ed.2d 63; United States v. Spears, 287 F.2d 7 (C.A. 6, 1961); Evans v. United States, 242 F.2d 534 (C.A. 6, 1957), cert. den. 353 U.S. 976, 77 S.Ct. 1059, 1 L.Ed.2d 1137.

■■ In the recent case of United States v. Ventresca, supra, involving a somewhat similar question, we find the following rather pertinent comment on the subject of probable cause as it relates to the sufficiency of the supporting affidavit.

"Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."

■ The appellant's contention that there was not probable cause for the warrant and search to include the upstairs portion of the premises herein, as being a separate living unit over which appellant had no control, is without merit. Appellant was listed with his rental agent as the sole lessee of the entire building and paid the monthly charges. The utilities for the entire building were carried exclusively in his name. He acknowledged the premises to be his residence. There was no indication otherwise that the house might have been divided into more than one living unit on the occasion of its search. It appears the description and location of the premises here brought into question were properly and adequately described and set out in the search warrant. It is evident, in the circumstances of this case, the search of appellant's entire premises and seizures pursuant thereto were in all respects legal. United States v. Santore, 290 F.2d 51 (C.A. 2, 1960) cert. den. 365 U.S. 834, 81 S.Ct. 749, 5 L.Ed.2d 744; Carney v. United States, 79 F.2d 821 (C.A. 6, 1935); United States v. Poppitt, 227 F.Supp. 73, D.C.Del., 1964.

■ Immediately after the agents discovered the within still in the upstairs portion of the house, they arrested appellant and searched him. The appellant's contention that his arrest was without probable cause and illegal is also without merit. There can be no doubt in the circumstances here but that the officers were justified in arresting appellant in connection with the still operation. It follows, therefore, that the search of his person was in all respects proper. The evidence resulting from the search of appellant's person at that time, including keys to his residence, garage, automobile, the rental and sales receipts, etc., was thus admissible in the District Court trial, being incidental to appellant's lawful arrest. Draper v. United States, supra; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; United States v. Wood, 341 F.2d 103 (C.A. 6, 1965); United States v. Luster, 342 F.2d 763 (C.A. 6, 1965).

We sustain the District Judge in his rulings on the evidence and finding no reversible error otherwise in the record, his judgment is in all things affirmed.