**UNITED STATES of America,
Plaintiff,**

v.

**Eddie Earl ARMS, Defendant.
Crim. A. No. 6951.**

United States District Court
E. D. Tennessee,
Northeastern Division.

June 19, 1967.

Robert Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

John Dugger, Morristown, Tenn., Dale Quillen, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant has moved to suppress the evidence of contraband obtained by federal revenue agents under the authority of a search warrant executed by the agents in the nighttime on January 18, 1967 and further to suppress statements made by the defendant to the agents following his arrest, which resulted from the discovery by the agents of this contraband in a search of his home. It is claimed that the warrant was illegally executed, Rule 41(e) (5), Federal Rules of Criminal Procedure, because the affidavit supporting the warrant set forth insufficient facts to authorize a United States commissioner's issuance of a search warrant to be served in the nighttime. Thus, the crucial question is whether such affidavit was positive in asserting that the contraband was actually in the place to be searched when the warrant was issued. Rule 41(c), Federal Rules of Criminal Procedure.

In the affidavit, the affiant stated that a certain automobile was observed by him being utilized in connection with the operation of an illicit distillery, which the affiant had under surveillance; that, while such surveillance was in progress, the affiant received a radio message from a fellow-agent that moonshine whiskey was being loaded into this vehicle; that 45 minutes afterward, the affiant observed the same automobile arriving at the defendant's residence and then saw heavy cardboard cartons being carried from this vehicle into the defendant's residence; and, at the time the affidavit was made, that tax-unpaid whiskey was *then being* concealed on the defendant's premises. This explicit statement, supported by positive evidence, that the contraband was in the place to be searched, satisfied the requirements of Rule 41(c), supra, and justified the commissioner in authorizing a search of the defendant's home in the nighttime. United States v. Daniels, D.C.N.J.(1950), 10 F.R.D. 225, 228 [5].

There was substantial evidence for the commissioner to conclude that the statements in the affidavit were positively to the effect that the contraband was in the defendant's dwelling at the instant he issued the warrant. No more

is required. The commissioner might conceivably have found the affidavit insufficiently positive, in which event he would not have issued the warrant; but there was here a substantial basis for the commissioner to conclude that the affidavit was sufficiently positive. Cf. Rugendorf v. United States (1964), 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, 891 [2], cited in United States v. Bowling, C.A.6th (1964), 351 F.2d 236, 237 [1], certiorari denied (1966), 383 U.S. 908, 86 S.Ct. 888, 15 L.Ed.2d 663, rehearing denied (1966), 383 U.S. 973, 86 S.Ct. 1269, 16 L.Ed.2d 313. This being true, the search warrant being valid on its face and founded upon a sufficient affidavit, the judgment of the commissioner was open to question only if he had acted arbitrarily.[1] United States v. Jordan, C.A.6th (1965), 349 F.2d 107, esp. 108 [2, 3].

Accordingly, the motion of the defendant hereby is denied.

---

1. The defendant, while claiming that the commissioner acted in abuse of his judicial discretion, makes no claim that the commissioner's official action was in any way arbitrary.