### ENGLAND v. ADERHOLD, Warden.

### No. 7041.

Circuit Court of Appeals, Fifth Circuit,

Oct. 24, 1933.

William Duncan England, of Atlanta, Ga., in pro. per.

Clint W. Hager, U. S. Atty., and H. T. Nichols, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The sentence here attacked on habeas corpus rests upon an indictment charging that the appellant on December 26, 1930, "having been properly committed to the custody of the United States Marshal for the Western District of Louisiana, the authorized representative of the Attorney General, and who was then and there confined in a penal institution, namely the Rapides Parish jail at Alexandria, Louisiana, pursuant to the direction of the Attorney General, did then and there attempt to escape from said jail contrary to the form of the statute, etc." The statute referred to is evidently 18 USCA § 753 (h), which provides that "any person properly committed to the custody of the Attorney General or his authorized representative or who is confined in any penal or· correctional institution, pursuant to the direction of the Attorney General, who escapes or attempts · to escape therefrom shall be guilty of an offense."

The language of the indictment we think means to charge that the appellant was properly committed to the custody of the Attorney General represented by the marshal, and was placed in Rapides jail as a penal institution and attempted to escape therefrom. The argument for the appellant assumes that he had not been convicted of an offense but was in jail awaiting trial, and urges that such a prisoner is not properly in the custody of the Attorney General but of the court, and that his escape from such custody was as a matter of law not an offense against this statute. But no such case is made by the record. The petition for the writ does not make that allegation, and the warden's response which stands unchallenged shows that appellant was convicted of another offense at Memphis and sentenced on September 4, 1929, to two years' imprisonment, and that the sentence for the escape specified that it should commence at the expiration of the sentence imposed at Memphis on September 4, 1929. It thus appears that on December 26, 1930, the date of the escape, appellant was under sentence and properly should have been in the custody of the Attorney General, and might very well for sufficient reason have been by him placed in the jail as a penal institution. The indictment should have al-

leged how and why the defendant therein was in the custody of the Attorney General and not have stopped at alleging the legal conclusion that he was properly in such custody. But an indictment which manifestly seeks to charge the breach of a valid statute and has gone to final judgment of conviction in a court of competent jurisdiction may not be nullified for such a defect through a writ of habeas corpus. Campbell v. Aderhold, Warden (C. C. A.) 67 F.(2d) 246; Aderhold, Warden v. Hugart (C. C. A.) 67 F.(2d) 247.

Judgment affirmed.