## DAWES v. GOUGH, Acting Warden.

### No. 12449.

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1948.

Allen E. Lockerman, of Atlanta, Ga., for appellant.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, SIBLEY, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

William E. Dawes, imprisoned in the United States Penitentiary at Atlanta, sought habeas corpus on the ground that the sentence on which he is held rests upon a count of an indictment which count charges him with no crime. The warden was ordered to show cause why the writ should not issue, and on the hearing the writ was denied on the authority of Aderhold v. Hugart, 5 Cir., 67 F.2d 247, Farnsworth v. Zerbst, 5 Cir., 97 F.2d 255, and Hill v. Sanford, 5 Cir., 131 F.2d 417, in which this court held that the sufficiency of the indictment would not be collaterally enquired into on habeas corpus.

We think the writ of habeas corpus should issue in this case. In the Hugart case a single defendant was charged with unlawful removal and concealment of distilled spirits, but did not allege the tax had not been paid which would have been necessary on demurrer, for it was unlawful to remove and conceal only tax unpaid distilled spirits. On the authority of Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L. Ed. 1036, it was held [67 F.2d 248]: "If there is such a class of crimes as the indictment apparently attempts to charge, and the court had jurisdiction over such crimes and over the person of the accused, the question of the sufficiency of the indictment to charge an offense cannot be raised or reviewed on habeas corpus." Farnsworth v. Zerbst cited the Hugart case, but in it the sufficiency of the indictment had been questioned in the trial court and sustained, so there was an adjudication of it not appealed from. In the Hill case there had been a plea of guilty, and the count in question was substantially defective in its allegations concerning a stolen motor car which was alleged to have been concealed after interstate transportation. We there said [131 F.2d 418]: "We recognize that if the record shows conviction of a charge that is plainly no crime, there ought to be a discharge. But if a valid statute defines a class of crimes, as 18 U.S.C.A. § 408 does, and the indictment plainly seeks to charge the accused under it, and he is convicted or pleads guilty, a failure to state the charge as fully or as certainly as should be ought not to result in a discharge from custody. This we held in Aderhold v. Hugart, 5 Cir., 67 F.2d 247. To hold otherwise would be to say that an accused, though really guilty, could by ignoring a substantial defect in the indictment, and going to the penitentiary, obtain a discharge; whereas had he demurred, as he should, he could only have gotten a better

indictment." We do not now depart from the doctrine of those cases, but this one is different.

The record here shows merely an indictment in two counts, the first charging two other men with an offense of entering a bank with intent to commit a felony or larceny under 12 U.S.C.A. § 588b (a),[1] and count two charging them with an offense of bank robbery aggravated by the use of a dangerous weapon and putting a life in jeopardy under § 588b (b).[1] Appellant Dawes is in each count separately charged with aiding and abetting them to the extent set out. On pleas of not guilty all three were convicted on both counts, but each was sentenced on count two only. That count reads thus:

"On or about the 23rd day of August, 1946, in the Western District of Kentucky, Wilburn Hudspeth, alias Loyd Hudspeth, alias Wilburn Cole, and Raymon Wyatt did enter a building used as a bank by force and violence and by the use of a dangerous weapon, towit, a revolver, did put in jeopardy the life of Mrs. Kathleen O'Dell and others in stealing or purloining property, and money in the sum of $6,531.50 belonging to the Calvert Bank at Calvert City, Kentucky, an insured institution of the Federal Deposit Insurance Corporation, and the said Wilburn Hudspeth and Raymon Wyatt were assisted, aided and abetted by William Elmer Dawes in entering said building."

As to Dawes, the indictment does not charge him as a principal, nor as aiding and abetting generally, which would make him a principal under 18 U.S.C.A. § 550.[2] It sets him apart, and in the second count expressly limits his participation to having "assisted, aided and abetted in entering said building". He pleaded not guilty to that and the jury found that he did just that. He is here urging that it is no crime to aid another to enter a building used as a bank, even "by force and violence" if those words belong to the entering, and even if the building be supposed to be the Calvert Bank which was a federally insured bank. If the entry be with intent to commit a larceny or felony the entry is unlawful un-

der Sect. 588b (a), and aiding and abetting it would be unlawful too, and this seems to be the charge made in count one, on which there was conviction also, but no sentence. Count two makes no mention of intent in entering, but charges that two others after entering committed a crime, but it takes pains to say that Dawes assisted them in entering only. For all that the count alleges the aggravated robbery may have been an afterthought which Dawes had no purpose to aid. As to him it is clear the count charges only that he aided two men to enter the bank, which is no crime at all. It is not lawful to imprison him for that.

We therefore think the writ should be granted. If no more is shown on a hearing, Dawes should be discharged from this sentence, but law and justice may require that he be held a reasonable time for him to be carried before the trial court for sentence on count one if the trial court considers that proper to be done.

Judgment reversed.

---

[1] In 1948 Revision, 18 U.S.C.A. § 2113.

[2] In 1948 Revision, 18 U.S.C.A. § 2.