Lionel Sampson FAIBISY alias John W. Gedney, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15241.

United States Court of Appeals Fifth Circuit.

April 27, 1955.

Joseph E. Gillen, Tampa, Fla., for appellant.

Frank J. Muscarella, Jr., Asst. U. S. Atty., Clearwater, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

PER CURIAM.

Appealing from a conviction on the charge of transporting in interstate commerce a falsely made, forged, altered and counterfeited security, to-wit, a check, in violation of Sections 2 and 2314, Title 18 U.S.C., defendant is here making two points against his conviction. One is that the indictment is insufficient in not stating the wherein of the offense, that is in what particular the instrument was falsely made, forged, altered and counterfeited. The other is that the court failed to charge, as requested by defendant, that the jury must find beyond a reasonable doubt that the name signed to the check was not the name of the defendant and was not a name by which he was commonly known and called.

■ Of the first point, it is sufficient to say that the indictment not only followed the language of the statute but specifically charged that Harry Patterson, a fictitious name was signed to the check. While it is difficult to understand what greater specificity was or could have been required, it is clear, from the fact that no bill of particulars was asked for, from the undisputed evidence that the defendant used and was known by the name of John W. Gedney, and that he had told Olsonoski, the government witness, that he had signed the name of Harry Patterson to the check and that he had no knowledge whether there was a Harry Patterson or not, that the defendant was in no manner hindered by lack of knowledge of the charge in making his defense. Under these circumstances, the attack upon the indictment for insufficiency is mere quibbling.[1]

■ His second point is no better taken. In the first place, no such issue was made or tendered by the evidence. Indeed, the undisputed evidence showed that the defendant was known at the bank by the name of Gedney, the name of the payee in the check, and that he himself presented the check with the name of Patterson signed to it for deposit in the bank where he kept an account in the name of Gedney. The charge, therefore, was misleading and uncalled for. In addition, the district judge carefully charged the jury that the falsity consisted in the signature being fictitious and required the jury to find beyond a reasonable doubt that Patterson, the name signed to the check was a fictitious name and known to the defendant to be such. He thus insured against the defendant's conviction except upon and by the establishment beyond a reasonable doubt of the essential element in the case.

No reversible error appearing, the judgment is affirmed.

---

1. Rule 7(c) Rules of Criminal Procedure, Title 18 U.S.C. and cases cited in the notes; United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92; Lynch v. United States, 5 Cir., 189 F.2d 476, at page 479; Myles v. United States, 5 Cir., 170 F.2d 443; Evans v. United States, 153 U.S. 584, at page 590, 14 S. Ct. 934, 38 L.Ed. 830; McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301; Hines v. United States, 8 Cir., 123 F.2d 825.