James B. STINSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20134.

United States Court of Appeals Fifth Circuit.

April 19, 1963.

James B. Stinson, in pro. per.

William J. Hamilton, Jr., Asst. U. S. Atty., Jacksonville, Fla., Edith House, U. S. Atty., Southern District of Florida, Robert R. Perry, Sp. Asst. to U. S. Atty., for Southern District of Florida, for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

JONES, Circuit Judge.

The appellant, James B. Stinson, seeks reversal of a judgment of the district court which denied his motion under 28 U.S.C.A. § 2255 to vacate his conviction and sentence for interstate transportation of a falsely made security in violation of 18 U.S.C.A. § 2314.[1] The appellant waived indictment, waived the appointment of counsel, and entered a plea of guilty. The writing which formed the basis for the charge was a check signed with a fictitious name. The amount was $58.96. It was cashed at a liquor store in Jacksonville, Florida. The sentence was for five years.

It is a sound principle which precludes an attack, upon nonjurisdictional grounds, by a proceeding under Section 2255, to set aside a conviction and sentence after a voluntary and advisedly made plea of guilty. Marteney v. United States, 10th Cir. 1954, 216 F.2d 760, cert. den. 348 U.S. 953, 75 S.Ct. 442, 99 L.Ed. 745. This rule, however, should not be so extended as to prevent inquiry being made under a Section 2255 motion where it is asserted, or to deny relief if it is established, that the uncontradicted facts disclosed by the record unequivocally demonstrate that the acts committed do not constitute the offense charged in the indictment or information.

At the arraignment of the appellant an F.B.I. agent related to the court that the appellant had broken into the Hillcrest Drive-in Theatre at Cedar Falls, Iowa, and stolen blank check forms, one of which was completed in the amount of $58.96 and signed by him in the name of Robert Collier. The check was cashed by a companion of appellant.

This Court, in Hubsch v. United States, 5 Cir., 256 F.2d 820, held that a forgery may be as well committed by the impersonation of a fictional person upon whom has been conferred characteristics, personality and a semblance of identity in addition to a name, as well as where the name used is that of an existing person. So also it was there held that where a check was drawn in a fictitious name and accepted for a consideration without any reliance upon the name or upon any character, personality or identity associated with the fictitious name, there was no forgery. This Court applied the doctrine in Edge v. United States, 5 Cir., 270 F.2d 837. It is contended by the appellant that the rule announced in Hubsch is applicable here.

The difference between the Hubsch and Edge cases and the case here is that in each of those cases there was a charge of transporting "falsely made and forged" securities, with forgery being thus made an element of the charge, while in the case before us Stinson was charged with transporting a "falsely made" security, with forgery not being, at least not expressly, an element of the offense. It has been intimated that "falsely made" and "forged" are homogeneous and are to be synonymously construed. Marteney v. United States, supra. We think, though, that the terms are of different meanings. The distinctions are thus noted by the Court of Appeals for the Eighth Circuit:

"Manifestly, the words 'altering' and 'counterfeiting' could refer only to a crime based upon a preexisting genuine instrument. Forgery, however, does not necessarily carry such presumption but indicates that there is a genuine or real obligor in existence whose obligation has been simulated. To 'falsely make' is a crime not of changing or forming an instrument to resemble an existing genuine instrument or to represent that it is the act of a genuine and existing obligor, but rather to make an instrument which has no original as such and no genuine maker whose

---

1. "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; * * *.

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

work is copied, although in form it may resemble a type of recognized security." Pines v. United States, 8th Cir.1941, 123 F.2d 825.

This Court has cited the Pines case with approval. Faibisy v. United States, 5th Cir.1955, 221 F.2d 584.

The facts as recited show the transportation of a falsely made security. We need not determine whether they also show the transportation of a forged security. It is apparent that the appellant was not entitled to the relief sought. The judgment of the district court is

Affirmed.