**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Michael MAHANY and Carmen Migliore,**
**Defendants.**

**No. 69 CR 527.**

United States District Court
N. D. Illinois, E. D.

Nov. 21, 1969.

---

George P. Lynch, Chicago, Ill., for plaintiff Michael Mahany.

Thomas J. Maloney, Chicago, Ill., for plaintiff Carmen Migliore.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS THE INDICTMENT, FOR A BILL OF PARTICULARS, AND FOR DISCOVERY AND INSPECTION

ROBSON, District Judge.

Michael Mahany and Carmen Migliore are charged in a three-count indictment with a scheme to defraud by use of the mails in violation of 18 U.S.C. § 1341. It is alleged that Mahany was a distributor of Humble Oil and Refining Co. (Humble), doing business as Mike's Enco Station (Mike's), in Oak Lawn, Illinois, and that he was authorized to sell products on credit by use of credit cards issued by Humble, Cities Service Oil Co. (Citgo), and Midwest Bank Cards (Midwest).

It is also alleged that Mahany and Migliore, together with two unindicted individuals, Robert Silverman and Lawrence R. Beckman, devised a scheme to defraud and to obtain money from Humble and three individual credit card holders, Charles W. Moore, Myer Rosenberg Prem, and Fred L. Williams. The scheme is alleged to have involved the preparation by the defendants and the others of false sales slips evidencing credit from Mike's for sales to authorized credit card holders without their consent or knowledge and the delivery of the slips to Humble and subsequently to Citgo and Midwest by Humble. It is further alleged that the four falsely represented that these were actual credit card transactions and that they reasonably foresaw that the mails would be used by Humble, Citgo and Midwest to send the fraudulent slips to the authorized credit card holders. It is also alleged that the delay that such mailing entailed was utilized by the defendants to conceal their fraudulent activities and was an actual part of the scheme.

Count One charges that on March 1, 1968, the defendants, for the purpose of executing the above scheme to defraud, caused a letter containing a fraudulent sales slip sent by Humble to Charles W. Moore to pass through the United States mails. Counts Two and Three state similar charges as to two other mailings by Humble.

*Motion To Dismiss The Indictment*

Defendants Mahany and Migliore have moved to dismiss the indictment on the grounds that it does not advise them of the offense with sufficient specificity, that it is vague and uncertain, that there are not sufficient factual allegations, that Counts One, Two and Three are multiplicious, that Count Two is duplicious, and that the indictment as a whole fails to charge a violation of 18 U.S.C. § 1341.

The indictment sets out in detail a scheme to defraud, and each count substantially incorporates the wording of 18 U.S.C. § 1341. The dates of the mailings, the individuals defrauded, unindicted coconspirators, the statute violated, and the essential facts constituting the offense are clearly stated. The defendants are sufficiently apprised of the offense charged against them, there is no uncertainty, and all the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure are met.

Further, Counts One, Two, and Three state separate and distinct mailing offenses involving the same scheme to defraud. Since each mailing is a separate offense under Section 1341, the counts cannot be dismissed as multiplicious. Likewise, Count Two cannot be dismissed as duplicious—it states a single offense, one mailing pursuant to a scheme to defraud.

Finally, this court is of the opinion that an offense under Section 1341 properly has been alleged. Defendants argue that the mailing alleged in each count of the indictment could not have been "for the purpose of executing" the scheme to defraud as required by Sec-

tion 1341 because the fraud alleged had already reached fruition and the victims' money obtained prior to the mailings. They rely on Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960), and Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88 (1944), both of which reversed mail fraud convictions on the basis urged here. This court is of the opinion, however, that the present case is governed by the subsequent opinion of the Supreme Court in United States v. Sampson, 371 U.S. 75, 83 S.Ct. 173, 9 L.Ed. 2d 136 (1962). In that case, the court made it clear that the *Kann* and *Parr* cases cannot be taken for the proposition that once a defendant has obtained what he set out to obtain by fraud no subsequent mailing would properly constitute a violation of Section 1341. Rather, the court reversed a dismissal of an indictment charging a mail fraud scheme because "the defendants' scheme contemplated from the start the commission of fraudulent activities which were to be and actually were carried out both before and after the money was obtained from the victims." *Sampson, supra*, 371 U.S. at 80, 83 S.Ct. at 176. The scheme there was a continuing one and involved the use of "lulling letters" sent to victims after the fraud had been perpetrated.

The *Sampson* rationale subsequently has been applied to specific credit card mail fraud prosecutions. *See* Adams v. United States, 312 F.2d 137 (5th Cir. 1963); Kloian v. United States, 349 F. 2d 291 (5th Cir. 1965), cert. den., 384 U.S. 913, 86 S.Ct. 1349, 16 L.Ed.2d 365 (1966); United States v. Kelem, 416 F. 2d 346, Ninth Circuit Court of Appeals, September 22, 1969. In each case, the court of appeals upheld the conviction finding that a scheme to defraud based on the workings of a credit card system contemplated subsequent use of the mails and that therefore the requirements of Section 1341 were met.

Here the indictment alleges that the defendants reasonably foresaw the use of the mails by Humble and that the alleged delay in the mailings was a part of the scheme to defraud in that it enabled the defendants to conceal the scheme and to continue it. These allegations are sufficient to constitute an offense under Section 1341 as interpreted in *Sampson*. *See* especially Adams v. United States, *supra*, 312 F.2d at 140. Further inquiry into the merits of the allegations would be, of course, premature since the "indictment must be tested by its sufficiency to charge an offense" only. United States v. Sampson, *supra*, 371 U.S. at 79, 83 S.Ct. at 175. The motion to dismiss the indictment is therefore denied.

*Motion for A Bill Of Particulars*

Defendants Mahany and Migliore have moved this court for a bill of particulars. They have made numerous requests which are in substance:

1. The exact time and place and the names of the persons present when the scheme to defraud was devised. (Requests 1 and 2)

2. The exact time and place and the names of those present when sales slips were prepared and when they were delivered to and received by Humble, Citgo and Midwest. (Requests 3–8)

3. The exact time and place when alleged false representations were made to Citgo and Midwest and when the alleged debt of Mahany to Humble came into existence. (Requests 9 and 10)

4. How the use of the mails enabled Mahany to continue the scheme and escape detection. (Requests 11 and 12)

5. Who mailed and who received the slips referred to in each of the three counts, the exact time and place of each mailing, and the means used to knowingly cause the United States Post Office to deliver them. (Requests 13–16, Count II 1–4, Count III 1–4)

The functions of a bill of particulars under Rule 7(f) of the Federal

Rules of Criminal Procedure are to provide a defendant with additional facts necessary to prepare a proper defense and to avoid prejudicial surprise at trial and also to protect a defendant from possible double jeopardy. *See, e. g.,* United States v. Smith, 16 F.R.D. 372, 374–375 (W.D.Mo.1954); United States v. Birrell, 263 F.Supp. 113, 115 (S.D.N. Y.1967), and cases cited therein. The indictment sets out the scheme to defraud in great detail and specifically charges three instances of mail fraud giving exact dates and persons defrauded. Defendants' requests for further facts all involve either evidentiary details, the names of witnesses, or the Government's theory of the case. These matters are not discoverable as of right by a bill of particulars but are within this court's sound discretion. United States v. Wells, 387 F.2d 807 (7th Cir. 1968); United States v. Micele, 327 F. 2d 222 (7th Cir. 1964). From the circumstances, it is clear that no further evidentiary details are necessary here either to prepare a proper defense, to avoid prejudicial surprise, or to defend against further prosecution for the same offense. Thus the motion for a bill of particulars is denied.

*Motion For Discovery And Inspection*

Defendants have made numerous requests for discovery and inspection. The Government denies that it has most of the requested documentary evidence to be used at trial or any exculpatory evidence, but has agreed to turn such evidence over to the defendants as soon as it comes into its possession. The Government has also agreed to turn over handwriting exemplars of defendants which it intends to use at trial. Five contested requests remain.

■■ Requests 1, 2, and 3 of defendant Mahany seek all written or recorded statements of codefendant Carmen Mig-

liore, all oral statements made by Migliore and reduced to writing, and a transcript of his grand jury testimony. Statements of a codefendant are not discoverable under Rule 16 of the Federal Rules of Criminal Procedure, United States v. Westmoreland, 41 F.R.D. 419, 427 (S.D.Ind.1967), or on any other basis, Morgan v. United States, 380 F.2d 686, 698–699 (9th Cir. 1967). Further, the defendant has shown no particularized need for the grand jury testimony of Migliore as required by Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). Therefore, requests 1, 2 and 3 are denied.

■ In request 14, the defendants seek copies of all books, papers, documents and tangible objects which the Government will use as exhibits or evidence at trial. The requisite showing of materiality and reasonability pursuant to Rule 16(b) has not been made. The defendant is "merely attempting to discover all of the Government's evidence in advance of trial." United States v. Johnson, 298 F.Supp. 58, 65 (N.D.Ill. 1969); United States v. Smith, 209 F. Supp. 907, 913 (E.D.Ill.1962). Thus, request 14 is denied.

In request 15, the defendants ask for F.B.I. sheets showing prior criminal records of Migliore, Silverman, Beckman and all Government witnesses. This request is not permitted under Rule 16 or on any other basis. *See, e. g.,* Hemphill v. United States, 392 F.2d 45, 48 (8th Cir. 1968); United States v. Cobb, 271 F.Supp. 159, 162 (S.D.N.Y.1967). Request 15 is therefore denied.

*Orders*

It is therefore ordered that the motion to dismiss the indictment, the motion for a bill of particulars, and the motion for discovery and inspection be, and they are hereby denied.