**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Paul REYNOLDS, Defendant-Appellant.**

**No. 28213**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Jan. 22, 1970.

Joe Bob Brown, Amarillo, Tex. (court-appointed) for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Alex H. McGlinchey, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

William Paul Reynolds appeals from his jury conviction on six counts of an indictment charging him with mail fraud in violation of 18 U.S.C. § 1341 (1964).[1] This appeal is based upon the single ground that the overwhelming weight of the evidence produced in the trial court tilts in defendant's favor. Upon a careful reading of the record, we conclude that the judgment must be af-

1. Section 1341 reads as follows:
   "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or arti-fice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

firmed.[2] The testimony of fourteen witnesses appearing on behalf of the prosecution establishes that Reynolds, brandishing a gasoline company credit card stamped with the name of another, engaged in a criminal fraud or swindle during the course of his cross-country travels.

Affirmed.

---

2. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir.R. 18; *see* Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805–808.