**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Malcolm THOMAS, Defendant-Appellant.**

**No. 28653**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 7, 1970.

John D. Tarver, Huntsville, Ala. (court-appointed), for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The indictment charged appellant Thomas with causing the use of the United States mails in furtherance of a scheme to defraud Standard Oil Company and Robert Carter in violation of 18 U.S.C.A. § 1341. The scheme consisted of Thomas' obtaining gas station products and services in several different states through his unauthorized use of Robert Carter's Standard Oil credit card. Finding that Thomas' first point is foreclosed by prior decisions and that his second was not properly preserved for appeal we affirm.[1]

■ Thomas' primary contention on appeal is that proof of fraudulent use of a credit card does not, under the rationale of Parr v. United States, 1960, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277, and Kann v. United States, 1944, 323 U. S. 88, 65 S.Ct. 148, 89 L.Ed. 88, show a use of the mails as part of the *execution* of the fraud as required by Section 1341. He asserts that his scheme was complete at the time he received the products and services from the gas stations. He then argues that the mailing of the invoices from the various service stations to Standard Oil's billing office and the mailing of the bills from Standard's billing office to the credit card owner were done *after* the scheme was completed and not in execution thereof as required by the statute.

Thomas' contention has already been laid to rest in this circuit. Adams v. United States, 5 Cir. 1963, 312 F.2d 137, and Kloian v. United States, 5 Cir. 1965, 349 F.2d 291, cert. denied, 384 U.S. 913, 86 S.Ct. 1349, 16 L.Ed.2d 365, both dealt with the service station credit card fraud situation involved here and both rejected the same contention made by Thomas:

A credit card system as such was not in issue in Parr and Kann. There the fraud operated through the abuse of offices held by defendants. It sounded in larceny after trust. Here, as in Adams, the fraudulent scheme operated through the utilization of the credit card system and its use of the mails and we hold that the use of the mails was material to the scheme and the execution of it. Kloian v. United States, *supra*, 349 F.2d at 294; see United States v. Reynolds, 5 Cir. 1970, 421 F.2d 178.

■■ Thomas next contends that reversible error was committed when the trial court refused to allow him to answer a question posed by defense counsel on direct examination. The question was: "What was the occasion of you getting the [credit] card?" The Government objected "because it's obviously going to call for hearsay testimony. He already said who he got it from and the occasion would call for conversation of a person not in Court." The District Judge sustained the objection. Defendant's counsel did not object to the ruling; no offer of proof was submitted; and the ruling did not prejudice the funndamental rights of Thomas. Therefore, the ruling is not now reviewable. F.R. Crim.P. 51; Warden v. United States, 10 Cir. 1968, 391 F.2d 747, 749. An appellate court will not review actions of omission or commission by a trial court unless the defendant makes known to the court the action which he desires the court to take or his objection to the action taken by the court and the grounds therefor. *E. g.,* Landers v. United States, 5 Cir. 1962, 304 F.2d 577, 579 and cases there cited; *see, e. g.,* Evans v. United States, 5 Cir. 1965, 349 F.2d 653, 659 and cases cited.

The judgment of conviction is

Affirmed.

---

1. Pursuant to our Rule 18 this case is decided without oral argument.