Floyd Ray GEARING, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 30110

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1970.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Floyd R. Gearing, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the District Court denying the motion of a federal convict to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellant is presently serving a ten year sentence for unlawful transportation of a falsely made security in interstate commerce, a violation of 18 U.S.C. § 2314. He was convicted on his plea of guilty, having waived counsel and trial by jury.

Appellant now contends that the indictment under which he was convicted was deficient in that (1) it failed to allege an unlawful and fraudulent intent and (2) it alleged that the money order was falsely made when, in fact, the money order was genuine but was completed with an insertion of a fictitious payee name.

The District Court denied relief stating that the indictment, though imprecise, was not so substantially deficient as to be void. For the reasons so well expressed in the opinion of Judge Singleton, appended to this opinion, the judgment below is

Affirmed.

APPENDIX

In the United States District Court for the Southern District of Texas Houston Division.

Civil Action
No. 69–H–857

Floyd Ray Gearing

petitioner

versus

United States of America,

Respondent.

Filed: Feb. 26, 1970

*Memorandum and Order*

Petitioner is an inmate of the Federal Penitentiary who seeks to be set free. He has accordingly filed with this Court, which convicted him, a motion to vacate sentence under 28 U.S.C.A. § 2255.

The indictment was in the Eastern District of Texas, and it charged petitioner as follows:

"That on or about the 26th day of November, 1966, in the Eastern District of Texas, and within the jurisdiction of this court, Floyd Ray Gearing did wilfully, knowingly, and unlawfully transport and cause to be transported in interstate commerce from Beaumont, Texas, to Faribault, Minnesota, a falsely made security, namely, Travelers Express Company Money Order No. 505980478 in the amount of $50.00, payable to V. W. Parker, dated November 22, 1966, knowing the same to have been falsely made, in violation of Title 18, United States Code, Section 2314."

Petitioner wished to plead guilty and was therefore arraigned in this District in accordance with Rule 20, F.R.Crim.P. Before his plea was accepted, however, petitioner was thoroughly questioned by this Court to insure that it was being made voluntarily and only for the reason that he was in fact guilty as charged. So that petitioner would know the contents of the indictment he was requested to, and actually did, read it aloud in court. When asked if he understood it, he replied in the affirmative. In addition to his verbal plea of guilty, peti-

tioner also signed a documented guilty plea and a statement waiving court-appointed counsel. On November 9, 1967, petitioner was sentenced to a term of 10 years.

Subsequently, on December 4, 1967, petitioner requested copies of certain documents on file in the District Clerk's office pertaining to his conviction. At that time, he also moved to proceed in forma pauperis, presumably to appeal his conviction. Both the request for the papers in his case and the motion to proceed in forma pauperis were denied; however, the motion was treated as a notice of appeal. This appeal was later withdrawn, petitioner electing to serve his sentence.

Section 2314 of Title 18, the statute petitioner was convicted of violating, provides punishment for:

> "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; * * *."

It will be immediately observed that the indictment departs from the language of the statute in charging that petitioner transported the money order "wilfully, knowingly, and unlawfully" in place of an allegation that it was done "with unlawful and fraudulent intent." Petitioner contends that this departure is of such a substantial degree as to justify relief under section 2255.

■ By the terms of section 2255, prisoners sentenced by a United States Court may upon certain grounds within the statute collaterally attack their sentences. One of these grounds is that the court which imposed the sentence was without jurisdiction to do so. A court is without jurisdiction to impose a sentence when the indictment on which the conviction is based is void. See Marteny v. United States, 216 F.2d 760 (10th Cir. 1954).

■■ As a general matter, the proper method of attacking the sufficiency of an indictment is by direct appeal, not on a motion to vacate sentence. Stegall v. United States, 259 F.2d 83 (6th Cir. 1958). Thus, an indictment which would be vulnerable to a motion to quash made at the time of trial is not one necessarily subject to collateral attack. Deficiencies raised on a motion to vacate must be substantial and not merely formal. This is especially true where, as here, the petitioner has pled guilty to the indictment, thereby admitting all non-jurisdictional facts alleged by it. Marteny v. United States, *supra*.

In resolving the issue of how insufficient an indictment must be before it can be successfully attacked in collateral proceedings, some courts have taken the view that it is valid if by any reasonable construction it states an offense against the United States. Gibson v. United States, 244 F.2d 32 (4th Cir. 1957); Marteny v. United States, *supra;* Eisner v. United States, 351 F.2d 55 (6th Cir. 1965); United States v. Shelton, 249 F.2d 871 (7th Cir. 1958). Other courts have held that an indictment will withstand a section 2255 motion if it apparently attempts to state a federal crime. Stegall v. United States, *supra;* Bush v. United States, 347 F.2d 231 (6th Cir. 1965); Kreutner v. United States, 201 F.2d 33 (10th Cir. 1952). Obviously, the indictment questioned in this case meets the latter test. The inquiry, however, need not end here, for it can also be held that the indictment actually does charge that petitioner violated paragraph 3 of Section 2314.

■ In Downing v. United States, 348 F.2d 594 (5th Cir. 1965), the indictment charged that defendant unlawfully transported and caused to be transported in interstate commerce from El Paso, Texas, to San Francisco, California, certain Bank of America Travelers' cheques in violation of Title 18 U.S.C.A. § 2314. On appeal from the conviction, the indictment was held sufficient in the following language:

> "An indictment which follows the language of the statute is ordinarily sufficient unless the statute omits an es-

sential element of the offense. The indictment under which Downing was tried substantially follows the language of the statutes involved and each count contains the official citation of the statute which the defendant is alleged to have violated. We consider it sufficient."

As in Downing v. United States, *supra,* the indictment here made reference to the official citation of the statute. While it is often true that the choice of language controls the validity of the indictment, Wright, 1 Federal Practice and Procedure, section 124 (1969), inclusion in it of the statutory citation provides a means by which a defendant can inform himself of the elements of the offense. United States v. Roberts, 296 F.2d 198 (4th Cir. 1961).

■ With regard to violations of paragraph 3 of Section 2314, the elements are (1) unlawful and fraudulent intent and (2) transporting in interstate commerce any (3) falsely made, forged, altered, or counterfeited securities or tax stamps with (4) knowledge that the securities or tax stamps are falsely made, forged, altered, or counterfeited. The substitution of the words "wilfully, knowingly, and unlawfully" clearly refer to the requisite intent necessary to support a conviction. The term "knowingly" by itself has in this context been taken to mean that the act was done with full knowledge on the part of the defendant of all essential elements of the offense. Popeko v. United States, 294 F.2d 168 (5th Cir. 1961). This being so, it must be concluded that petitioner pled guilty to an indictment with all the essential elements of the offense charged. To induce this Court to accept that plea, petitioner represented that he understood the pending accusations. He will not now be heard to contend otherwise.

■■ Petitioner also argues that the indictment is defective because it alleged that the money order was falsely made when, in fact, the money order was genuine. In this connection, petitioner was apparently in possession, rightly or wrongly, of a blank money order form which he completed by inserting the name of a fictitious payee. Since the indictment has been held valid, petitioner pleaded guilty to an offense, one element of which is interstate transportation of a falsely made security. By doing so, he admitted the false making, regardless of the precise definition which might be assigned to it. In any event, it seems clear that the insertion of the name of the payee on any money order, Travelers' check, or similar security, is necessary to make it complete. When it is completed by the insertion of a fictitious payee, the security, which may have been perfectly genuine in its original form becomes illegitimate and, therefore, falsely made. This issue is one which must be decided adversely to petitioner. See Stinson v. United States, 316 F.2d 554 (5th Cir. 1963); Downing v. United States, *supra.*

The authorities cited by petitioner have been read and considered. They include Marteny v. United States, *supra;* Lewis v. United States, 301 F.2d 787 (10th Cir. 1962); White v. Levine, 40 F.2d 502 (10th Cir. 1930); Pines v. United States, 123 F.2d 825 (8th Cir. 1941); Streett v. United States, 331 F.2d 151 (8th Cir. 1964); Stinson v. United States, *supra;* Faibisy v. United States, 221 F.2d 584 (5th Cir. 1955); Nelson v. United States, 406 F.2d 1136 (10th Cir. 1969). Without discussing them in detail, suffice it to say that none of these cases is contrary to the result reached here. Not a single one of them holds that an indictment drafted in the language of the one in the instant case must fall when collaterally attacked.

As a final word, it should be said that the imprecise manner in which the indictment in this case was worded is not to be complimented.

It is therefore Ordered that the motion to vacate sentence be, and the same is hereby, denied. The Clerk is directed to file this Memorandum and Order and send copies to the United States Attor-

1042

neys in both the Eastern and Southern Districts of Texas and petitioner.

DONE at Houston, Texas this 26th day of February, 1970.

(Signed) JOHN V. SINGLETON JR.
United States District Judge

TRUE COPY I CERTIFY
ATTEST:
V. BAILEY THOMAS, Clerk
/s/ RHODA MULLINS
Deputy Clerk