**UNITED STATES of America,**
**Appellee,**

v.

**Ernest MADISON, Appellant.**

**No. 347, Docket 71-1790.**

United States Court of Appeals, Second Circuit.

Argued Dec. 8, 1971.

Decided April 10, 1972.

Phylis Skloot Bamberger, The Legal Aid Society, New York City (Robert Kasanof, New York City, on the brief), for appellant.

Robert P. Walton, Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., and Arthur A. Munisteri, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before ANDERSON, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

Appellant Madison appeals from a judgment of conviction entered upon a jury verdict after a six-day trial in the Southern District of New York, Charles M. Metzner, Judge, finding him guilty on three counts of mail fraud, in violation of 18 U.S.C. §§ 1341, 1342 (1970), and on one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371 (1970). Finding no error, we affirm.

Appellant's first claim on appeal is that the execution of a scheme whereby appellant would purchase airline tickets with lost or stolen credit cards and then resell them made insufficient use of the mails to constitute a violation of the federal mail fraud statute. Two recent decisions by this court have made it clear, however, that the mail fraud

statute covers appellant's conduct. United States v. Chason, 451 F.2d 301, 303 (2d Cir. 1971), cert. denied, 405 U.S. 1016, 92 S.Ct. 1291, 31 L.Ed.2d 479 (1972); United States v. Kellerman, 431 F.2d 319, 322 (2d Cir.), cert. denied, 400 U.S. 957, 91 S.Ct. 356, 27 L.Ed.2d 266 (1970).

■ Appellant's second claim is that the government used an impermissibly suggestive photographic identification technique. Our independent examination of the record in the instant case shows, however, that appellant did not claim in the district court that the identification procedure was unduly suggestive; he made no objection to the admission of the photographs, nor did he move to strike the identification testimony. Moreover, notwithstanding that the alleged error involves a criminal defendant's constitutional rights, we do not view it as sufficiently prejudicial to amount to plain error undermining the fundamental fairness of the trial. See Fed.R.Crim.P. 52(b); United States v. Indiviglio, 352 F.2d 276, 280 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

Even without the identification testimony, the evidence was more than sufficient to support the jury's verdict. See United States v. Indiviglio, supra at 280; 3 C. Wright, Federal Practice and Procedure 374 (1969). One Dennis Dweck, named in the indictment as a co-conspirator but not as a defendant, testified at trial that Madison was a key figure in a scheme whereby tickets for New York to Tel Aviv, Israel, flights, after being purchased with a stolen Eastern Airlines credit card, were sold to travelers at substantial discounts. In addition, Madison, when arrested while attempting to purchase tickets with a lost airline credit card, had in his possession 13 credit cards in different names.

Accordingly, there being no plain error, appellant's failure to raise this issue below precludes him from raising it on appeal.

Affirmed.