**UNITED STATES of America,**
**Appellee,**

v.

**Leon OSHER, Defendant-Appellant.**

No. 290, Docket 73-1929.

United States Court of Appeals,
Second Circuit.

Argued Oct. 17, 1973.

Decided Oct. 17, 1973.

———◆———

Daniel L. Meyers, New York City, for defendant-appellant.

Alan R. Kaufman, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., for the Southern District of New York, Douglas F. Eaton and S. Andrew Schaffer, Asst. U. S. Attys., on the brief), for appellee.

Before KAUFMAN, Chief Judge and LUMBARD and TIMBERS, Circuit Judges.

PER CURIAM:

Following a jury trial before Judge Gagliardi, Leon Osher was convicted on two counts of an eight count indictment charging mail fraud in violation of 18 U.S.C. § 1341. He was acquitted on the remaining six counts. The district court imposed a sentence of 15 months imprisonment on count one, and three years probation to be served thereafter on count three. We affirm the judgment in all respects.

Although appellant raises a number of issues, we deem it necessary to treat only one question extensively. Osher asserts the Government failed as a matter of law to prove under either count that the mailing was, in the language of the statute, "for the purpose of executing" the fraudulent scheme.

The evidence disclosed that by means unknown, Osher came into the possession of a Bank Americard shortly after it was issued to Lewis Sandler on April 6, 1972, by the B. T. Credit Company ("B.T."), a subsidiary of Bankers Trust Company. Count one charged that Osher impersonated Sandler and used the card on April 14 and 15, 1972, to purchase goods and services from various merchants in the vicinity of Fort Lauderdale, Florida. The vendors presented the charge receipts for payment at the Barnett National Bank of Jacksonville, Florida. The bank, on April 21, mailed the vouchers to B.T. in New York City for collection. This constituted the only mailing alleged or proven with respect to count one. Count three charged that Osher used the card to obtain merchandise, again in Fort Lauderdale, on April 14. The indictment charged and the Government proved that the Barnett National Bank mailed B.T. the charge slips relating to these transactions on April 26.

Appellant contends that these mailings could not be "for the purpose of execut-

ing" the fraud because the scheme was completed when he obtained the goods and services. The argument is made that the means by which the merchants and banks collected upon the vouchers was wholly irrelevant to the perpetration of the fraud. Reliance is placed upon Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960), and Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88 (1944).

We are precluded from accepting this line of reasoning by the established law of this circuit. United States v. Madison, 458 F.2d 974 (2d Cir.), cert. denied, 409 U.S. 859, 93 S.Ct. 145, 34 L.Ed.2d 105 (1972); United States v. Chason, 451 F.2d 301 (2d Cir. 1971), cert. denied, 405 U.S. 1016, 92 S.Ct. 1291, 31 L. Ed.2d 479 (1972); United States v. Kellerman, 431 F.2d 319 (2d Cir.), cert. denied, 400 U.S. 957, 91 S.Ct. 356, 27 L. Ed.2d 266 (1970). In *Kellerman* we held that the sale of stolen or forged credit cards constitutes conspiracy to commit mail fraud since the only value the card has lies in the ability of the holder to induce others to advance credit upon it; this, we said, must ultimately involve utilization of the mails in the collection process. *A fortiori,* the individual who uses the card fraudulently violates § 1341, and we so held in *Madison* and *Chason.* These decisions control the disposition of the present appeal.

The majority of the circuits which have considered the question are in accord with this view. United States v. Ciotti, 469 F.2d 1204 (3d Cir. 1972); United States v. Kelly, 467 F.2d 262 (7th Cir. 1972); United States v. Thomas, 429 F.2d 407 (5th Cir. 1970); *see* United States v. Kelem, 416 F.2d 346 (9th Cir. 1969), cert. denied, 397 U.S. 952, 90 S.Ct. 977, 25 L.Ed.2d 134 (1970). We are aware that a minority rule to the contrary has recently appeared. United States v. Maze, 468 F.2d 529 (6th Cir. 1972), cert. granted, 411 U.S. 963, 93 S.Ct. 2145, 36 L.Ed.2d 683 (1973); United States v. Lynn, 461 F. 2d 759 (10th Cir. 1972). Although the Supreme Court in *Maze* has granted certiorari to resolve the conflict among the circuits, we shall adhere to what we believe is the sounder view, as expressed by this Court and by the majority of the Courts of Appeals.

We have considered appellant's other contentions, and they are without merit. Accordingly, the judgment is affirmed.